**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| PETER E. LANDER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:25-cv-684-JDK-KNM |
| | § | |
| MARC DAVID KROCK, et al., | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Peter E. Lander initiated this lawsuit seeking relief pursuant to 42 U.S.C. § 1983 and state law. Docket No. 1. The case was referred to United States Magistrate Judge K. Nicole Mitchell in accordance with 28 U.S.C. § 636. The Magistrate Judge issued a Report recommending that Defendant Dr. David Krock's motion to dismiss (Docket No. 30) be granted and that the claims against Defendant Dr. David Krock be dismissed with prejudice. Docket No. 44. Plaintiff filed written objections. Docket No. 55.

The Court reviews objected-to portions of the Report and Recommendation de novo. FED. R. CIV. P. 72; 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed finding and recommendation to which objection is made."). The Court conducting a de novo review examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en

1

banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Plaintiff alleges that Dr. Krock provided substandard medical care for his wife in 2013, resulting in his wife's death. Docket No. 1 at 9; 16. Plaintiff also alleges that Dr. Krock sought a restraining order against him. *Id*. at 18. He does not dispute that he is seeking relief against Dr. Krock pursuant to 42 U.S.C. § 1983. Docket No. 55. Indeed, Plaintiff asserts that he is only pursuing a federal constitutional claim and res judicata does not bar his claim against Dr. Krock because his previously adjudicated lawsuit did not present a § 1983 claim. *Id*. at 3.

Under Section 1983, an individual may sue a state employee using or abusing power that is possessed by virtue of state law to violate a person's constitutional rights. *See Monroe v. Pape*, 365 U.S. 167, 184 (1961); *accord, Brown v. Miller*, 631 F.2d 408, 410–11 (5th Cir. 1980). To maintain a civil rights lawsuit, a plaintiff must show an abuse of governmental power that rises to a constitutional level. *Love v. King*, 784 F.2d 708, 712 (5th Cir. 1986). For a private citizen to be held liable under § 1983, he must be "a willful participant in joint activity with the State or its agents." *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994). A plaintiff seeking to hold a non-state actor liable "must allege: (1) an agreement between the private and public defendants to commit an illegal act and (2) a deprivation of constitutional rights." *Priester v. Lowndes County*, 354 F.3d 414, 420 (5th Cir. 2004) (citing *Cinel*, 15 F.3d at 1343).

Here, Plaintiff has not alleged any facts demonstrating that Dr. Krock is a state actor. Nor has Plaintiff alleged any facts that would establish any agreement between Dr. Krock and a state actor. Dr. Krock's medical treatment of Plaintiff's wife does not involve any state action, and availing himself of the legal system to seek a restraining order against Plaintiff does not make Dr. Krock a state actor. Plaintiff's claim against Dr. Krock, therefore, fails as a matter of law. When viewed under the circumstances of the case, the Court finds that Plaintiff has pleaded his "best case" and amendment would be fruitless. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam); *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) ("Granting leave to amend is not required, however, if the plaintiff has already pleaded his "best case.").

Having conducted a de novo review of the written objections filed by Plaintiff in response to the Report and Recommendation, the Court concludes that the findings and conclusions of the Magistrate Judge are correct and Plaintiff's objections are without merit. Accordingly, it is hereby **ORDERED** that the Magistrate Judge's Report and Recommendation (Docket No. 44) is **ADOPTED**. It is **ORDERED** that Defendant Dr. Krock's motion to dismiss (Docket No. 30) is **GRANTED** and the claims against Defendant Dr. Krock are **DISMISSED** with prejudice.

So **ORDERED** and **SIGNED** this **2nd** day of **March, 2026.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

3