**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

PETER E. LANDER,                          §
                                          §
        Plaintiff,                        §
                                          §
v.                                        §    Case No. 4:25-cv-684-JDK-KNM
                                          §
MARC DAVID KROCK, et al.,                 §
                                          §
        Defendants.                       §

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Peter E. Lander initiated this lawsuit seeking relief pursuant to 42 U.S.C. § 1983 and state law.  The case was referred to United States Magistrate Judge K. Nicole Mitchell in accordance with 28 U.S.C. § 636.  The Magistrate Judge issued a Report recommending that Defendant Chen Su's motion to dismiss (Docket No. 29) be granted and that the claims against Defendant Chen Su be dismissed with prejudice.  Docket No. 43.  Plaintiff filed written objections.  Docket No. 52.

The Court reviews objected-to portions of the Report and Recommendation de novo.  FED. R. CIV. P. 72; 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed finding and recommendation to which objection is made.").  The Court conducting a de novo review examines the entire record and makes an independent assessment under the law.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), superseded on other grounds by statute, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

1

Plaintiff is suing his neighbor, Chen Su, for hiring a roofer who got into a confrontation with Plaintiff, ultimately resulting in police involvement and an involuntary mental health evaluation. Docket No. 1 at 35–36, 39, and 51. He does not dispute that he is seeking relief against Chen Su pursuant to 42 U.S.C. § 1983. Docket No. 52. Instead, he argues that his neighbor is responsible for setting in motion the events that occurred by hiring the roofer at issue. *Id.* at 3.

Section 1983 may be used to sue a state employee using or abusing power that is possessed by virtue of state law to violate a person's constitutional rights. *See Brown v. Miller*, 631 F.2d 408, 410–11 (5th Cir. 1980). To maintain a civil rights lawsuit, a plaintiff must show an abuse of governmental power that rises to a constitutional level. *Love v. King*, 784 F.2d 708, 712 (5th Cir. 1986). Plaintiff has not alleged facts showing that Chen Su is a state actor. She is a private citizen. For a private citizen to be held liable under § 1983, she must be "a willful participant in joint activity with the State or its agents." *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994). A plaintiff seeking to hold a non-state actor liable "must allege: (1) an agreement between the private and public defendants to commit an illegal act and (2) a deprivation of constitutional rights." *Priester v. Lowndes County*, 354 F.3d 414, 420 (5th Cir. 2004) (citing *Cinel v. Connick*, 15 F.3d at 1343).

Here, Plaintiff has not alleged any facts that would establish any agreement between Chen Su and the only state actors involved, the police officers. Plaintiff repeatedly states in his complaint and written objections that Chen Su hired a roofer, and the police were called at some point later when Plaintiff got into an altercation

2

with that roofer. These facts do not establish Section 1983 liability against Chen Su. Plaintiff's claim against Chen Su thus fails as a matter of law. The Court further finds that Plaintiff has pleaded his "best case" and amendment would be fruitless. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam); *Brewster v. Dretke,* 587 F.3d 764, 768 (5th Cir. 2009) (finding that a pro se plaintiff did not provide any explanation for how he would have overcome the deficiencies identified by the court if given opportunity to amend).

Having conducted a de novo review of the written objections filed by Plaintiff in response to the Report and Recommendation, the Court concludes that the findings and conclusions of the Magistrate Judge are correct and Plaintiff's objections are without merit. Accordingly, it is hereby **ORDERED** that the Magistrate Judge's Report and Recommendation (Docket No. 43) is **ADOPTED**. It is **ORDERED** that Defendant Chen Su's motion to dismiss (Docket No. 29) is **GRANTED** and the claims against Defendant Chen Su are **DISMISSED** with prejudice.

So **ORDERED** and **SIGNED** this **4th** day of **March, 2026.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

3