**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| PETER E. LANDER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:25-cv-684-JDK-KNM |
| | § | |
| MARC DAVID KROCK, et al., | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Peter E. Lander initiated this lawsuit seeking relief pursuant to 42 U.S.C. § 1983 and state law. Docket No. 1. The case was referred to United States Magistrate Judge K. Nicole Mitchell in accordance with 28 U.S.C. § 636. The Magistrate Judge issued a Report recommending that the Prestige ER Defendants' motion to dismiss (Docket No. 51) be granted. Judge Mitchell recommended that the federal claims against the Prestige ER Defendants be dismissed with prejudice and the state law claims be dismissed without prejudice for lack of subject matter jurisdiction. Docket No. 88. Plaintiff filed written objections. Docket No. 55.

The Court reviews objected-to portions of the Report and Recommendation de novo. FED. R. CIV. P. 72; 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed finding and recommendation to which objection is made."). The Court conducting a de novo review examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en

1

banc), superseded on other grounds by statute, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Plaintiff alleges that Plano ER, LLC d/b/a Prestige ER, Emergency Care of Plano ER, LLC d/b/a Prestige ER, Regina Crane, and Hamza Farid, referred to as the "Prestige ER Defendants," initiated a police response and set events into motion that resulted in a criminal prosecution against him. *See* Docket No. 75 at 3. Plaintiff objects to the characterization of the Defendants in the Report as "merely providing information to law enforcement." Docket No. 94 at 4. He claims that the Defendants "actively participated in the events that produced the criminal allegations" against him and are therefore liable under § 1983. *Id.*

An individual may bring a § 1983 claim against a state employee using or abusing power that is possessed by virtue of state law to violate a person's constitutional rights. *See Monroe v. Pape*, 365 U.S. 167, 184 (1961); *accord, Brown v. Miller*, 631 F.2d 408, 410-11 (5th Cir. 1980). To maintain a civil rights lawsuit, a plaintiff must show an abuse of governmental power that rises to a constitutional level. *Love v. King*, 784 F.2d 708, 712 (5th Cir. 1986). For a private citizen to be held liable under § 1983, he must be "a willful participant in joint activity with the State or its agents." *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994). A plaintiff seeking to hold a non-state actor liable "must allege: (1) an agreement between the private and public defendants to commit an illegal act and (2) a deprivation of constitutional rights." *Priester v. Lowndes County*, 354 F.3d 414, 420 (5th Cir. 2004) (citing *Cinel v. Connick*, 15 F.3d at 1343).

Here, Plaintiff has not alleged any facts demonstrating that the Prestige ER Defendants are state actors. Nor has Plaintiff alleged any facts that establish an agreement between the Prestige ER Defendants and a state actor. Actions taken by Defendants to avail themselves of the services of law enforcement does not make them state actors. Plaintiff's claims against the Prestige ER Defendants, therefore, fail as a matter of law. When viewed under the circumstances of the case, the Court finds that Plaintiff has pleaded his "best case" and amendment would be fruitless. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam); *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) ("Granting leave to amend is not required, however, if the plaintiff has already pleaded his "best case.").

Having conducted a de novo review of the written objections filed by Plaintiff in response to the Report and Recommendation, the Court concludes that the findings and conclusions of the Magistrate Judge are correct and Plaintiff's objections are without merit. Accordingly, it is hereby **ORDERED** that the Magistrate Judge's Report and Recommendation (Docket No. 88) is **ADOPTED**. It is **ORDERED** that the Prestige ER Defendants' motion to dismiss (Docket No. 51) is **GRANTED** and the federal claims against Plano ER, LLC d/b/a Prestige ER, Emergency Care of Plano ER, LLC d/b/a Prestige ER, Regina Crane, and Hamza Farid are **DISMISSED** with prejudice. The Court declines to exercise supplemental jurisdiction over the state law claims and those claims are **DISMISSED** without prejudice.

3

So **ORDERED** and **SIGNED** this **28th** day of **April, 2026.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE