**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| PETER E. LANDER, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | §     Case No. 4:25-cv-684-JDK-KNM |
| | § |
| MARC DAVID KROCK, et al., | § |
| | § |
| Defendants. | § |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Peter E. Lander initiated this lawsuit seeking relief pursuant to 42 U.S.C. § 1983 and state law. The case was referred to United States Magistrate Judge K. Nicole Mitchell in accordance with 28 U.S.C. § 636. The Magistrate Judge issued a Report recommending that the Plano Individual Defendants' motion to dismiss (Docket No. 59) and the City of Plano's motion to dismiss (Docket No. 60) be granted. Docket No. 87. Plaintiff filed written objections. Docket No. 92.

The Court reviews objected-to portions of the Report and Recommendation de novo. FED. R. CIV. P. 72; 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed finding and recommendation to which objection is made."). The Court conducting a de novo review examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), superseded on other grounds by statute, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

1

Plaintiff alleges that Defendants Benjamin, Armour, Carman, and Magiera collaborated to present a false affidavit against him, resulting in a pending 2023 harassment charge. Docket No. 1 at 42–43. These allegations directly challenge the propriety of the state proceedings. To determine whether *Younger* abstention is appropriate, courts will consider whether: (1) the dispute involves an ongoing state judicial proceeding; (2) the subject matter of the proceeding involves an important state interest; and (3) the state proceeding affords an adequate opportunity to raise constitutional challenges. *Texas Ass'n of Bus. v. Earle*, 388 F.3d 515, 519 (5th Cir. 2004). Here, Plaintiff's objections fail to address these elements or show that *Younger* abstention is inappropriate for all claims concerning his pending state harassment charge.

Plaintiff additionally has not alleged facts sufficient to establish supervisory or municipal liability. Plaintiff's allegations against Chief Drain concern events that occurred in 2013 and are time-barred. *See* Docket No. 1. And Plaintiff does not point to an official policy or custom that caused a violation of his constitutional rights nor has he alleged facts sufficient to establish a causal link between any lack of training or supervision and a constitutional violation. *See* Docket No. 92. Like the complaint, Plaintiff's objections offer nothing more than a mere assertion that the "coordinated actions of several officers acting under municipal authority raise questions regarding municipal policies, training practices, and supervision." Docket No. 92 at 7. Such a conclusory allegation is insufficient to overcome a motion to dismiss. *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994).

Plaintiff's allegations against Defendant Shelton share the same fate. A police officer has probable cause and is entitled to qualified immunity when "the facts and circumstances within the officer's knowledge at the time of the seizure are sufficient for a reasonable person to conclude that an individual is mentally ill and poses a substantial risk of serious harm." *Cantrell v. City of Murphy*, 666 F.3d 911, 923 (5th Cir. 2012). "[A] plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Asante-Chioke v. Dowdle*, 103 F.4th 1126, 1129 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 1051, 220 L. Ed. 2d 381 (2025) (quoting *Zapata v. Melson*, 750 F.3d 481, 485 (5th Cir. 2014)). Here, Plaintiff states that he was detained and involuntarily transported. Docket No. 1 at 39. But Plaintiff does not show that Officer Shelton lacked probable cause. Without more, he does not meet his burden of demonstrating that the officer is not entitled to qualified immunity. *McClendon v. City of Columbi*a, 305 F.3d 314, 323 (5th Cir. 2002) (en banc) ("When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense").

Plaintiff's claims against the remaining Defendants in the case are brought under state law. When a district court dismisses the claims over which it had original jurisdiction, it may decline to exercise supplemental jurisdiction. 28 U.S.C. § 1367(c)(3). In this instance, Plaintiff' does not show that it is inappropriate to decline the exercise of supplemental jurisdiction.

When viewed under the circumstances of the case, the Court finds that Plaintiff has pleaded his "best case" and amendment would be fruitless. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam); *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) ("Granting leave to amend is not required, however, if the plaintiff has already pleaded his "best case."). Plaintiff's proposed amended complaint (Docket No. 93-1) merely restates his previous allegations and seeks to assert previously dismissed claims and Defendants.

Having conducted a de novo review of the written objections filed by Plaintiff in response to the Report and Recommendation, the Court concludes that the findings and conclusions of the Magistrate Judge are correct and Plaintiff's objections are without merit. Accordingly, it is hereby **ORDERED** that the Magistrate Judge's Report and Recommendation (Docket No. 87) is **ADOPTED**. It is **ORDERED** that the Plano Individual Defendants' motion to dismiss (Docket No. 59) and the City of Plano's motion to dismiss are **GRANTED**. Applying *Younger* abstention, the federal claims against Defendants Junell, Benjamin, Magiera, and Carman are **DISMISSED** without prejudice. The claims against City of Plano, Defendant Shelton, and Defendant Drain, as well as state law claims against Defendants Drain, Shelton, Junell, Benjamin, Magiera, and Carman are **DISMISSED** with prejudice. The Court declines to exercise supplemental jurisdiction over the remaining state law claims and those claims are **DISMISSED** without prejudice for lack of subject matter jurisdiction.

4

So **ORDERED** and **SIGNED** this **28th** day of **April, 2026.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE